The STATE of Ohio, Appellee,

v.

CEHELSKY, Appellant.

[Cite as *State v. Cehelsky* (1997), 122 Ohio App.3d 623.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–96–056.

Decided Sept. 12, 1997.

*Daniel Kasaris*, City Law Director, for appellee.

*Robert W. Gentzel*, for appellant.

---

*Per Curiam.*

This is an accelerated appeal from a judgment of the Norwalk Municipal Court which found appellant guilty of driving while under the influence of alcohol following a plea of no contest.

Appellant sets forth the following assignments of error:

"First Assignment of Error

"Where appellant has raised a specific issue of noncompliance of alcohol test regulations, it was reversible error for the trial court to require the appellant to

bear the burden of going forward with evidence and to deny the motion to suppress when the state failed to present any evidence of compliance with those regulations.

"Second Assignment of Error

"Based upon the evidence presented by appellant, coupled with the state's failure to present any evidence at all, it was against the manifest weight of the evidence and an abuse of discretion for the trial court to deny appellant's motion to suppress thereby constituting reversible error."

The facts that are relevant to the issues raised on appeal are as follows. On April 20, 1996, appellant was arrested for driving while under the influence of alcohol and thereafter also charged with driving with a prohibited concentration of alcohol in his breath. Appellant entered a plea of not guilty to the charges and on June 11, 1996, he filed a motion to suppress the results of his breath–alcohol–concentration ("BAC") test. Appellant argued that the calibration solution certificate which was used to calibrate the machine both before and after the test did not comply with Ohio Department of Health regulations. Appellant therefore claimed that the test results lacked sufficient reliability to be admitted into evidence. On August 13, 1996, the motion was called for hearing, and the trial court called the defense to put on the first witness. Defense counsel then started to say that it was his understanding that the state had the burden of going forward, but he was interrupted when the trial court stated:

"This isn't a constitutional issue, and it has been tried before the court before; the issue has been raised before the court and found that the Department of Health regulations were substantially complied with on this issue. You certainly have the right to proceed, *but the State doesn't have the burden of going forward on this.*" (Emphasis added.)

Defense counsel then explained that his case was different from the other case to which the trial court was referring, and the court stated, "Well, you've got to raise some problem with the, or show some failure to comply with regulations before the state has to proceed." Defense counsel then called appellant, who testified that he is a computer software engineer and routinely tests for error in certain medical testing devices. Appellant testified that, based on his analysis, the calibration solution certificate showed a failure to comply with Department of Health regulations for substantiating the validity of the test results. The state did not call any witnesses, and the trial court took the matter under advisement. In its judgment entry filed September 12, 1996, the trial court stated that "* * * there was no evidence whatsoever to indicate that the calibration solution certificate did not comply with the Department of Health regulations and the motion to suppress is therefore denied."

In his first assignment of error, appellant asserts that the trial court erred by denying his motion to suppress because (1) it imposed upon him the burden of going forward and (2) the state presented no evidence of the validity of the BAC test.

The Supreme Court of Ohio considered which party has the burden of going forward when a defendant files a motion to suppress the results of a BAC test in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. The court held that "to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Id.* at paragraph one of the syllabus. From that point, the prosecutor bears the burden of proof, including the burden of going forward with evidence. *Id.* at 220, 524 N.E.2d at 893–894.

Upon thorough consideration of the record of proceedings in the trial court and the law, this court finds that (1) through his motion to suppress appellant gave the prosecutor sufficient notice of the legal and factual grounds upon which his challenge was based and (2) the trial court erred by requiring appellant to go forward with the evidence at the suppression hearing and thereafter denying his motion to suppress. Accordingly, appellant's first assignment of error is well taken.

In his second assignment of error, appellant asserts that, based upon the evidence presented at the motion hearing and the state's failure to present any evidence, the trial court's decision to deny his motion to suppress was against the manifest weight of the evidence and an abuse of discretion. Based upon our finding as to appellant's first assignment of error, we find this assignment of error moot.

On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Norwalk Municipal Court is reversed. This case is remanded to the trial court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., SHERCK and KNEPPER, JJ., concur.