DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a judgment of the Ottawa County Municipal Court, which found appellant, Alan Panovec, guilty of a violation of R.C. 4511.19(A)(3), driving a motor vehicle while having a breath alcohol level greater than ten-hundredths of one gram or more but less than seventeen-hundredths of one percent by weight of alcohol per two hundred ten liters of breath.
Appellant was arrested on August 22, 1999, and charged with several traffic violations. He submitted to a breath alcohol test; the results of the test revealed a concentration of fourteen-hundredths of one gram of one percent by weight of alcohol per two hundred ten liters of breath. Appellant filed a motion to suppress this result, asserting, among other things:
 "To be admissible, a breath test must be conducted on a machine that is approved by the Ohio Department of Health. OAC 3701-53-02(A). If the machine is modified, the machine is not [sic] longer in the configuration approved by the Department of Health and the test is not performed on an approved machine."
Specifically, appellant contended that "both software and hardware had been replaced on the machine from its original approved configuration."
The municipal court held a hearing on appellant's motion to suppress. Appellant's trial counsel again asserted that the BAC DataMaster used to test appellant was modified and attempted to introduce a document proving said modification into evidence. The prosecution objected and the trial court sustained this objection on the basis of hearsay and lack of authentication.
The only document offered by the state as proof that the instrument used to test appellant complied with the Ohio Department of Health Regulations was the BAC DataMaster evidence ticket containing the result of appellant's breath test. The trial court found that this identification of the breath testing instrument as a BAC DataMaster was substantial compliance with the regulation requiring the use of an approved machine and denied appellant's motion to suppress. Appellant then pled no contest to the violation of R.C. 4511.19(A)(3), was found guilty and sentenced.
Appellant appeals his conviction and sets forth the following assignment of error:
 "THE COURT COMMITTED PREJUDICIAL ERROR BY DENYING DEFENDANT'S MOTION TO SUPPRESS THE BREATH TEST."
The law applicable to appellant's assignment of error is as follows. A motion to suppress must provide a prosecutor with notice of the basis for the challenge. Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus. However, that basis need not be set forth in minute detail. In State v. Shindler (1994), 70 Ohio St.3d 54, the defendant advanced several technical challenges to the admission of the breathalyzer test results into evidence that were virtually copied from a sample motion to suppress in a legal handbook. Id. at 57. The Supreme Court of Ohio concluded that the motion stated its legal and factual basis with sufficient particularity to put the prosecution on notice of the nature of the challenge. Id. Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to lay a foundation that demonstrates proper compliance with the regulations involved. State v. Plummer (1986), 22 Ohio St.3d 292, 294; State v.Cehelsky (1997), 122 Ohio App.3d 623, 625. Rigid compliance with the Ohio Department of Health regulations is not required and absent prejudice to the defendant, if the prosecution shows substantial compliance with the regulations, the results of the alcohol test may be admitted into evidence. Plummer at 294; State v. Johnson (2000), 137 Ohio App.3d 847,850.
In the case under consideration, appellant made sufficiently specific allegations to put appellee on notice that the BAC DataMaster was not an approved breath testing instrument under Ohio Adm. Code 3701-53-02 because it had been "modified." At the very least, appellee had the burden of proving substantial compliance with Ohio Adm. Code 3701-53-04(A), that is, that a senior operator performed an instrument check and a radio frequency interference check (RFI) on this particular BAC DataMaster no less frequently than once every seven days. See, also, Ohio Adm. Code3701-53-04(B) (requiring an instrument check and RFI when an evidential breath testing instrument is returned after service, maintenance or repairs, in other words, "modification"). The prosecution failed to satisfy this burden; therefore, the municipal court erred in denying appellant's motion to suppress. See City Of Willoughby v. Patt (June 16, 2000), Lake App. No. 99-L-060, unreported. Accordingly, appellant's sole assignment of error is found well-taken.
Because there is no evidence to sustain appellant's conviction under R.C. 4511.19(A)(3), the judgment of the Ottawa County Municipal Court is reversed, and judgment is entered in favor of appellant. Appellee is ordered to pay the costs of this appeal.
 ________________________ RESNICK, M.L., J.
 Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., CONCUR.