DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Municipal Court which, following the entry of a plea of no contest, found appellant, Lowell Kirby, guilty of violating R.C. 4511.19(A)(3), operation of a motor vehicle with a prohibited breath alcohol concentration. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE MOTION TO DISMISS OR SUPPRESS."
The following facts are relevant to this appeal. On December 24, 1999, appellant was stopped by a deputy of the Ottawa County Sheriff's Department when the deputy observed appellant's vehicle weaving within his lane. After stopping the vehicle, the deputy observed a strong odor of alcohol about appellant; that appellant's eyes were red and glassy; and that appellant's speech was slurred. After appellant failed field sobriety tests, the deputy arrested appellant and transported him to the sheriff's office. Appellant consented to a BAC breath test. Appellant tested 0.182 grams of alcohol per 210 liters of breath. Appellant was charged with violation of R.C. 4511.19 (A)(1) and (A)(3), operation of a motor vehicle while under the influence of alcohol, and R.C. 4511.36(B), improper left hand turn. Appellant entered a plea of not guilty.
On March 16, 2000, appellant filed a motion to suppress the results of his breath analysis, arguing several grounds, including that appellant was tested with a breath testing machine that had been modified from the configuration approved by the Ohio Department of Health ("ODH") and that there was no indication that the "upgrades" were subsequently approved by ODH. A hearing on the motion to suppress was held on August 2, 2000. Following the hearing, the trial judge denied appellant's motion to suppress. Appellant entered a plea of no contest to R.C. 4511.19(A)(3) and was sentenced. This appeal was timely filed.
In his assignment of error, appellant advances three grounds in support of his argument that the trial court erred in denying his motion to suppress. This court finds no merit in this assignment of error.
R.C. 4511.19(A)(3) is a strict liability statute in which accuracy of the breath test results are of paramount importance in determining a defendant's guilt or innocence. Defiance v. Kretz (1991), 60 Ohio St.3d 1. The state has the burden of proof to show that the test was administered in substantial compliance with the methods prescribed by the Director of Health of the State of Ohio. State v. Plummer (1986), 22 Ohio St.3d 292,294-295. Rigid compliance with the ODH regulations is not required and absent prejudice to the defendant, if the prosecution shows substantial compliance with the regulations, the results of the alcohol test may be admitted into evidence. Id. at 294; State v. Johnson (2000),137 Ohio App.3d 847, 850. The Ohio Administrative Code ("OAC") sets forth standards and regulations for maintaining and checking the calibration of breath testing instruments and administering tests.[1]
A motion to suppress must provide a prosecutor with notice of the basis for the challenge. Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus. The basis need not be set forth in minute detail, only with sufficient particularity to put the prosecution on notice of the nature of the challenge. State v. Shindler (1994), 70 Ohio St.3d 54,57. Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to lay a foundation that demonstrates proper compliance with the regulations involved. State v.Plummer (1986), 22 Ohio St.3d 292, 294; State v. Cehelsky (1997),122 Ohio App.3d 623, 625. Appellate review of a decision on a motion to suppress is de novo. State v. Anderson (1995), 100 Ohio App.3d 688,691.
In his first argument in support of his assignment of error, appellant argues that the trial court erred in denying his motion to suppress when the court placed the burden of proof on appellant. This court finds no merit in this argument.
In his motion to suppress, appellant alleged that the BAC DataMaster was not an approved breath testing instrument under OAC 3701-53-02
because it had been "modified" with "software and hardware" upgrades during service repairs. The burden then shifted to appellee to prove substantial compliance with OAC 3701-53-04(B) following a breath testing machine being returned after service, maintenance or repairs.[2]
In State v. Panovec (Mar. 9, 2001), Ottawa App. No. OT-00-017, unreported, in response to this same argument, this court stated:
 "In the case under consideration, appellant made sufficiently specific allegations to put appellee on notice that the BAC DataMaster was not an approved breath testing instrument under Ohio Adm. Code 3701-53-02
because it had been "modified." At the very least, appellee had the burden of proving substantial compliance with Ohio Adm. Code 3701-53-04(A), that is, that a senior operator performed an instrument check and a radio frequency interference check (RFI) on this particular BAC DataMaster no less frequently than once every seven days. See, also, Ohio Adm. Code 3701-53-04(B) (requiring an instrument check and RFI when an evidential breath testing instrument is returned after service, maintenance or repairs, in other words, "modification"). The prosecution failed to satisfy this burden; therefore, the municipal court erred in denying appellant's motion to suppress. See City Of Willoughby v. Patt (June 16, 2000), Lake App. No. 99-L-060, unreported. * * *."
The state satisfied this burden. A detective who is a senior operator for the BAC DataMaster testified that he checked the calibration on the machine when it was returned from the manufacturer for service. In contrast, in Panovec, there was no such testimony.
Additionally, this court is not persuaded by appellant's contention that software "upgrades" alter an approved breath testing machine so that ODH must re-approve a machine. Other appellate courts have declined to uphold challenges made to certification by the ODH because of upgrades to breath testing machines. See, Lakewood v. Horvath (Nov. 4, 1999), Cuyahoga App. No. 75135, unreported; State v. Shade (Sept. 28, 1993), Franklin App. No. 93AP-281, unreported.
Appellant next argues that the trial court committed prejudicial error by allowing one of the officers to read his notes while testifying. This court finds no merit in this argument.
Evid.R. 612[3] allows a witness to look at a document to refresh his memory, but the witness must then proceed upon the basis of his present independent knowledge. Dayton v. Combs (1993), 94 Ohio App.3d 291, 298. Even under this rule, a "party may not read the statement aloud, have the witness read it aloud, or otherwise place it before the jury." State v.Ballew (1996), 76 Ohio St.3d 244, 254.
In this case, the trial court ruled that the arresting deputy testified after reviewing his report to refresh his recollection and that the deputy did not read his report into evidence. The trial court had the opportunity to observe the deputy during the testimony of which appellant complains and determined that the witness did not engage in any inappropriate behavior. This court cannot find that the trial court erred.
In his last argument, appellant asserts that the trial court committed prejudicial error by denying his motion to suppress when the field sobriety tests were not conducted in substantial compliance with standardized testing procedures, citing State v. Homan (2000),89 Ohio St.3d 421, paragraph one of the syllabus. This court finds no merit in this argument.
In Homan, 89 Ohio St.3d 421, paragraph one of the syllabus, the court held:
 "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures."
However, the court in Homan upheld the defendant's DUI conviction and stated:
 "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. (Citations omitted.) In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. (Citations omitted.)
 "In the case sub judice, Trooper Worcester, the arresting officer, admitted to having not strictly complied with established police procedure when administering to appellee the HGN and walk-and-turn tests. We nevertheless agree with the court of appeals that the totality of facts and circumstances surrounding appellee's arrest supports a finding of probable cause.
 "While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance.
 "Prior to stopping appellee's vehicle, Trooper Worcester observed erratic driving on the part of appellee. Upon stopping appellee's vehicle, he observed that appellee's eyes were `red and glassy' and that her breath smelled of alcohol. Appellee admitted to the arresting officer that she had been consuming alcoholic beverages. The totality of these facts and circumstances amply supports Trooper Worcester's decision to place appellee under arrest. (Citations omitted.)" Id. at 427.
In the case sub judice, the arresting deputy testified that he observed appellant's vehicle weaving within his lane; a strong odor of alcohol about appellant; that appellant's eyes were red and glassy; and that appellant's speech was slurred. The officer also testified that appellant admitted he had consumed alcoholic beverages. As in Homan, this court finds that the totality of these facts and circumstances support the deputy's decision to place appellant under arrest.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Municipal Court is affirmed. It is ordered that appellant pay court costs of this appeal.
Melvin L. Resnick, J., James R. Sherck, J., CONCUR.
[1] OAC section 3701-53-04 requires the following tests:
 "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed up to one hundred and ninety-two hours after the last instrument check.
 "(1) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. An instrument check solution shall not be used more than three months after its date of first use. An instrument check solution approved by the director after the effective date of this rule shall not be used after the manufacturer's expiration date but in no event shall the solution be used more than three years after its date of manufacture, notwithstanding the manufacturer's expiration date. Results of an instrument check which are outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of instrument check solution. If this instrument check also is out of the range, the instrument shall not be used until the instrument is serviced.
 "(2) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced."
[2] OAC 3701-53-04(B) provides:
 "(B) An instrument check shall be made in accordance with paragraph (A) of this rule when a new evidential breath testing instrument is put in service or when the instrument is returned after service or maintenance or repairs, before the instrument is used to test subjects."
[3] Evid.R. 612, Writing Used to Refresh Memory, provides:
 "Except as otherwise provided in criminal proceedings by Rule 16(B)(1)(g) and 16(C)(1)(d) of Ohio Rules of Criminal Procedure, if a witness uses a writing to refresh his memory for the purpose of testifying, either: (1) while testifying; or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing. He is also entitled to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. * * *"