[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court pursuant to the state's App.R. 12(J) appeal. The state contests the trial court's order suppressing the results of the BAC Datamaster machine.
 {¶ 2} The relevant facts are as follows. On April 28, 2002, appellee was operating a motor vehicle when he was stopped by Norwalk Police Department patrol officer James Montana. Montana observed appellee make a very wide turn into a private drive and noticed that one headlight was out. When speaking with appellee, Montana noticed a slight odor of alcoholic beverage. Appellee admitted to drinking a couple of beers.
 {¶ 3} Based on appellee's performance of the field sobriety tests, Montana arrested appellee and transported him to the Norwalk Police station. Following the twenty-minute observation period, appellee consented to a BAC breath test. Appellee tested 0.136 grams of alcohol per 210 liters of breath. Appellee was charged with a violation of Norwalk Municipal Ordinance 333.01(A), driving under the influence. On April 29, 2002, appellee entered a not guilty plea.
 {¶ 4} On May 24, 2002, appellee filed a motion to suppress the results of his breath analysis, the results of his field sobriety tests, any observations of the officer on the night of appellee's arrest, and any statements appellee may have made on the night of his arrest. Particularly, appellee claimed that the officer lacked a reasonable and articulable suspicion to stop him, that appellee was not advised of hisMiranda rights, that the field sobriety tests were not conducted in accordance with the National Highway Traffic Safety Administrations Handbook on DWI Detection, that the maintenance records of the BAC Datamaster machine were improperly kept in light of the fact that it recently was sent for repairs due to high readings, and that the calibration solution was not refrigerated during periods of non-use.
 {¶ 5} A hearing was held on the motion on June 7, 2002. Following the hearing the trial court granted appellee's motion stating, in part:
 {¶ 6} "The Court further finds, however, that based on the testimony of Officer Schaffer that the machine was repeatedly experiencing mechanical problems prior to the Defendant's test in that it would not accept the officer's code, and that no records were kept concerning this defect, the Norwalk Police Department did not comply with the Ohio Administrative Code records requirements. The Court also finds that based on the testimony of David Radomski of National Patent, that the BAC datamaster was received for service, repairs were made to the BAC datamaster but that National Patent was never made aware of the actual reason the machine was sent in for service, and therefore did not examine whether this defect could have affected the Defendant's test, that the BAC datamaster was unreliable at the time of the Defendant's test."
 {¶ 7} The state appealed this judgment as of right and raises the following three assignments of error:
 {¶ 8} "The Trial Court erred in suppressing the BAC test results in that the BAC Datamaster was functioning within the parameters proscribed by Ohio law at the time of the appellee's test.
 {¶ 9} "No evidence was presented by the state or the defense to show the machine was unreliable.
 {¶ 10} "Calibration records for the relevant period were properly maintained and showed no error."
 {¶ 11} The law applicable to a motion to suppress is as follows. A motion to suppress must provide a prosecutor with notice of the basis for the challenge. Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus. However, the basis need not be set forth with minute detail, only with sufficient particularity to put the prosecution on notice of the nature of the challenge. State v. Shindler (1994),70 Ohio St.3d 54, 57-58. Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to demonstrate proper compliance with the regulations involved. State v. Johnson
(2000), 137 Ohio App.3d 847, 850, citing State v. Plummer (1986),22 Ohio St.3d 292, 294. Rigid compliance with the Ohio Department of Health regulations is not required and absent prejudice to the defendant, if the state shows substantial compliance with the regulations, the results of the alcohol test may be admitted into evidence. Id. at 851.
 {¶ 12} A court reviewing a decision on a motion to suppress must bear in mind that weighing the evidence and determining the credibility of witnesses is best left to the trier of fact. State v. Mills (1992),62 Ohio St.3d 357, 366, citing State v. Fanning (1982), 1 Ohio St.3d 19,20. An appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991),73 Ohio App.3d 486, 488.
 {¶ 13} In its first assignment of error, the state contends that at the time of appellee's breath test the BAC Datamaster was operating properly and had been calibrated in accordance with O.A.C. 3701-53-04(A). Specifically, the state contends that there were no irregularities in the calibration checks immediately prior to and following appellee's test. Further, that the March 29, 2002 repair was proper and corrected any problems with the machine.
 {¶ 14} Appellee argues, however, the fact that the calibrations were properly done does not satisfy the record-keeping requirements under O.A.C. 3701-53-04(E), which provides that "[r]esults of instrument checks, and records of maintenance and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code." O.A.C. 3701-53-01(A) requires that such records be maintained for three years. Appellee further contends that in his motion to suppress he alleged that the state failed to properly refrigerate the calibration solution as required under O.A.C. 3701-53-04(C)[1], and that the state failed to present any evidence rebutting the allegation.
 {¶ 15} Turning to appellee's assertion that the calibration solution was not properly refrigerated, we note that appellee's motion to suppress sufficiently set forth the allegation. The state, during the hearing on the motion, failed to set forth any evidence as to the refrigeration of the calibration solution during its non-use. Basic testimony that the calibration solution was refrigerated according to the administrative regulations may have been sufficient. State v.Washington (2000), 137 Ohio App.3d 847, 854. Accordingly, we find that the state failed to meet its burden of demonstrating substantial compliance with O.A.C. 3701-53-04(C).
 {¶ 16} Because we find that the state failed to demonstrate substantial compliance with O.A.C. 3701-53-04(C), we need not address the parties' arguments relative to the BAC Datamaster maintenance and repair records. Appellant's first assignment of error is not well-taken.
 {¶ 17} Based upon our disposition of appellant's first assignment of error, we find that appellant's second and third assignments of error are moot and not well-taken.
 {¶ 18} On consideration whereof, we find that appellant was not prejudiced by the granting of the motion to suppress and the judgment of the Norwalk Municipal Court is affirmed. The case is remanded for further proceedings consistent with this decision. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] O.A.C. 3701-53-04(C) provides:
 "Calibration solutions shall be kept under refrigeration after first use, when not being used. The calibration solution container shall be retained for reference until the calibration solution is discarded."