OPINION
{¶ 1} Defendant-appellant Kalpesh Bhatt appeals the decision of Mahoning County Court No. 4 that denied his motion to suppress the results of a breath test. The issue raised in this appeal is whether the state established substantial compliance with the Ohio Administrative Code regulations at the suppression hearing. For the following reasons, the trial court's denial of the motion to suppress is reversed and this case is remanded for further proceedings.
 STATEMENT OF CASE {¶ 2} At 5:16 a.m. on May 25, 2002, Trooper Charles Land noticed a red car traveling at an excessive rate of speed on the Ohio State Turnpike. Radar revealed that the red car, driven by appellant, was traveling approximately 80 mph in a 65 mph speed zone. Trooper Land activated his overhead sirens and proceeded to stop appellant.
 {¶ 3} Trooper Land approached the car and began conversing with appellant. At this point, the trooper noticed the smell of alcohol emanating from appellant's breath and appellant's glassy bloodshot eyes and slurred speech. Trooper Land then asked appellant to exit the car. Subsequently, he administered field sobriety tests and a portable breath test. Appellant failed the field sobriety tests and the portable breathe test indicated that appellant had alcohol in his system. He was then placed under arrest and transported to the State Highway Patrol, Canfield Barracks, where the BAC Data Master breath test was administered. Appellant registered a 0.143 reading.
 {¶ 4} Appellant was charged with violating R.C. 4911.19(A)(1), (A)(3), driving while under the influence of alcohol. Appellant moved to suppress the results of the breath test alleging the test was not administered in substantial compliance with numerous Ohio Administrative Code regulations. The trial court held a suppression hearing and after taking the matter under advisement issued an order denying appellant's motion to suppress. Appellant then entered a no contest plea to R.C.4911.19(A)(3), operating a motor vehicle with a concentration level of ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of a person's breath. The remaining charge of violating R.C. 4911.19(A)(1) was dismissed. Appellant timely appeals, raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "The Trial Court Erred in Overruling the Defendant/Appellant's Motion to Suppress Wherein Defendant-Appellant Sought to Exclude the Breath Test Results on the Grounds that the State of Ohio Failed to Establish Substantial Compliance With Oac 3701-53-01;3701-53-04(a)(1) (a)(2); and 3701-53-4(c) in a Prosecution for a Violation of O.R.C. 4511.19(A)(3)."
 {¶ 6} Our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (1998),126 Ohio App.3d 95, 100; State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. Such a standard of review is appropriate as "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521,548, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653. As a reviewing court, we must accept the trial court's factual findings and the trial court's assessment of witness credibility. State v. Brown
(Sept. 7, 1999), 7th Dist. No. 96BA22, citing State v. Anderson (1995),100 Ohio App.3d 688, 691. However, once we have accepted those facts as true, we must independently determine as a matter of law whether the trial court met the applicable legal standard. State v. Williams (1993),86 Ohio App.3d 37, 41.
 {¶ 7} When a defendant challenges the admissibility of a breath test based upon a failure to comply with a Department of Health regulation, the state need only demonstrate substantial compliance, rather than strict compliance, with that regulation. Defiance v. Kretz
(1991), 60 Ohio St.3d 1, 3. Once the state has illustrated substantial compliance, the burden then shifts back to the defendant to show that he was prejudiced by less than literal compliance. State v. Plummer (1986),22 Ohio St.3d 292, 295.
 {¶ 8} Recently the Ohio Supreme Court has explained that the substantial compliance standard is limited to excusing only deviations from the regulations that are "clearly de minimis," also characterized as "minor procedural deviations." State v. Burnside, 100 Ohio St.3d 157,2003-Ohio-5372, at ¶ 34, citing State v. Homan (2000),89 Ohio St.3d 421, 426. Limiting the substantial compliance standard to excusing only errors that are clearly de minimis prevents the judiciary from usurping the Director of Health's authority to promulgate regulations that ensure the reliability of alcohol-test results.Burnside at ¶ 34. The Supreme Court explained that the General Assembly instructed the Director of Health, not the judiciary, to establish regulations concerning alcohol testing because the former possesses the scientific expertise that the latter does not. Id. at ¶ 32. Nevertheless, the Supreme Court was also cognizant of the fact that strict compliance with the regulations is not always realistic or humanly possible. Id. at ¶ 34. Therefore, it determined that the proper balance was to excuse only "clearly de minimis" errors. Id. Thus, if the complained of errors are "minor procedural deviations," then the state substantially complied with the regulations. However, if the complained of errors are not "minor procedural deviations" then the state has failed to show substantial compliance.
 {¶ 9} Appellant raises four separate issues under this assignment of error for our review. Because the fourth issue renders the remaining three issues moot, we will limit our analysis to that one issue. Appellant's fourth issue contends that the state failed to establish substantial compliance with Ohio Adm. Code 3701-53-04(C) in that it failed to show that the calibration solution was properly maintained. The relevant portion of this regulation states as follows:
 {¶ 10} "(C) An instrument check solution shall not be used more than three months after its date of first use, or after the manufacturer's expiration date (one year after manufactured) whichever comes first. After first use, instrument check solutions shall be kept under refrigeration when not being used. The instrument check solution container shall be retained for reference until the instrument check solution is discarded."
 {¶ 11} Appellant's motion to suppress asserts that the solution used to calibrate the testing instrument was "not properly maintained in accordance with Ohio Adm. Code 3701-53-04," and the solution container was not retained. This allegation put the state on notice that the maintenance of the solution was being contested.
 {¶ 12} The burden on the state to show substantial compliance with this requirement is minimal. State v. Johnson (2000), 137 Ohio App.3d 847,854. Basic testimony that the solution was maintained according to Ohio Department of Health regulations would have been sufficient to show substantial compliance. Id., citing State v. Snider (May 5, 1997), 12th Dist. No. CA96-10-102. However, the state failed to offer any testimony or evidence as to the maintenance of the calibration solution.
 {¶ 13} Furthermore, we lack the scientific knowledge to determine what affect the lack of maintenance in conformity with Ohio Adm. Code3701-53-04, specifically refrigeration, would have on the results of the alcohol test. However, regardless of our limited scientific knowledge, the language in Ohio Adm. Code 3701-53-04(C) does not advise the use of refrigeration after first use of the solution, it demands it. SeeBurnside at ¶ 36 (stating Ohio Adm. Code 3701-53-05[C] language of "blood shall be drawn * * * into a vacuum container with a solid anticoagulant" is language demanding the use of a solid anticoagulant and is not advisory language [emphasis in original]). Therefore, due to the state's failure to offer any evidence that it maintained the solution in substantial compliance with Ohio Adm. Code 3701-53-05(C) and the Director Health's choice of language used in Ohio Adm. Code 3701-53-05(C), we cannot conclude that any deviation from maintaining it in accordance with this regulation is de minimis and, therefore, permissible under the substantial-compliance standard. Consequently, the state failed to establish substantial compliance at the suppression hearing.
 {¶ 14} For the foregoing reasons, the trial court's denial of the motion to suppress is hereby reversed and this case is remanded for further proceedings according to law and consistent with this Court's opinion.
Waite, P.J., and Donofrio, J., concur.