The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as *State v. Johnson* (2000), 137 Ohio App.3d 847.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA99–10–028.

Decided June 12, 2000.

*Mark Pitstick,* for appellee.

*Connor & Behal, L.L.P.,* and *Dennis P. Evans,* for appellant.

VALEN, Judge.

Defendant-appellant, Jeffrey Johnson, appeals the trial court's denial of his motion to suppress evidence of breath testing performed by the Washington Court House Police Department.

On December 15, 1998, Sergeant Mark Rossiter of the Washington Court House Police Department observed appellant's vehicle travel slightly left of center two times. Sergeant Rossiter continued to follow the vehicle and observed appellant make a hard left into the left-hand lane, coming within a few feet of the opposite curb. Sergeant Rossiter stopped appellant's vehicle. He noticed that appellant had an odor of an alcoholic beverage about his person and bloodshot eyes. When questioned, appellant responded that he had only consumed two

drinks. Appellant failed to correctly perform field sobriety tests. Appellant was arrested and transported to the Washington Court House Police Department, where he consented to administration of a breath test. The results of the breath test indicated a concentration of .165 grams of alcohol per two hundred ten liters of breath.

Appellant was charged with driving under the influence, driving with a prohibited concentration, and driving left of center in violation of Washington Court House Codes 72.055(A)(1), 72.055(A)(3), and 72.001, respectively. Appellant filed a motion to suppress evidence of the stop, including the breath test results. A hearing was held on the motion June 9, 1999. After listening to the evidence, the trial court overruled the motion to suppress. Appellant subsequently pled no contest to the *per se* charge of driving with a prohibited concentration, and the other two charges were dismissed. The court entered a finding of guilty to the no contest plea. Appellant appeals the denial of his motion to suppress and raises the following assignment of error:

"The trial court erred to the prejudice of the defendant–appellant by admitting into evidence a breath test result after the plaintiff–appellee had failed to prove substantial compliance with the Ohio Department of Health rules and regulations governing the administration of breath tests."

Appellant contends that the evidence of breath testing should not have been admitted because the city did not meet its required burden to show substantial compliance with the administrative regulations. In particular, appellant argues four areas in which the prosecution's evidence was insufficient: (1) no evidence was presented to prove that the instrument check solution was approved by the director of health, (2) no evidence was presented to prove hand-held radios normally used by the law enforcement agency were used for the radio frequency interference ("RFI") check, (3) there was no evidence that the instrument check solution had been properly refrigerated, and (4) no evidence established that the instrument check solution was used before the manufacturer's expiration date or more than three years after the date of manufacture. In response to these arguments, the city contends that appellant's motion to suppress was not stated with sufficient particularity as required by Crim.R. 47.

■■ When ruling on a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. *State v. Morton* (May 10, 1999), Warren App. No. CA98–10–131, unreported, at 2, 1999 WL 296700. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial and credible evidence. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1144.

■  We first examine whether appellant's motion to suppress was stated with sufficient particularity to put the prosecution on notice of the issues to be decided. Crim.R. 47 requires a motion to "state with particularity the grounds upon which it is made." In *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319, the Ohio Supreme Court discussed the sufficiency of motions to suppress filed in cases involving the results of breathalyzer tests. The court found that a defendant's motion, which was virtually identical to a sample motion in a handbook, was sufficient to give the prosecutor and court notice of the basis of the challenge and therefore met the requirements of Crim.R. 47. *Id.* at 58, 636 N.E.2d at 322. We addressed this issue and found a that motion almost identical to the motion in the *Shindler* case presented a specific legal and factual basis to support a defendant's motion to suppress. *State v. Huening* (Sept. 19, 1994), Butler App. No. CA94–01–017, unreported, at 3, 1994 WL 506218.

The city argues that the motion in this case differs because, unlike the *Shindler* motion, no factual allegations were included in appellant's motion. We disagree. Appellant challenged the admission of his breath test results on the basis of specific regulations he believed had been violated. Appellant's motion sets forth nine paragraphs and is very similar, and in some parts identical, to the motion in *Shindler*. We find that appellant's motion was stated with sufficient particularity to meet the requirements of Crim.R. 47.

■  Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to lay a foundation that demonstrates proper compliance with the regulations involved. *State v. Plummer* (1986), 22 Ohio St.3d 292, 294, 490 N.E.2d 902. Rigid compliance with the Ohio Department of Health ("ODH") regulations is not required and absent prejudice to the defendant, if the prosecution shows substantial compliance with the regulations, the results of the alcohol test may be admitted into evidence. *Id.*

■  However, we find it necessary to address the extent of the state's burden to show substantial compliance. Once a defendant raises issues with sufficient particularity in a motion to suppress, the burden shifts to the prosecution to show substantial compliance, but only to the extent that the defendant takes issue with the legality of the test. *State v. Shelby* (Feb. 28, 1995), Scioto App. No. 94CA2247, unreported, 1995 WL 84579. When a defendant's motion to suppress raises only general claims, along with the Administrative Code sections, the burden imposed on the state is fairly slight. *State v. Williams* (Apr. 24, 1998), Montgomery App. No. 16554, unreported, 1998 WL 214595. With a general motion to suppress, the state is only required to demonstrate, in general terms, that it substantially complied with the regulations. Unless the defendant raises a specific issue in a motion, specific evidence is not required.

■ The issues raised by appellant are instructive with regard to the state's burden. Appellant contends that the breath test results should have been suppressed because no evidence was produced to establish that the RFI check was conducted using radios normally used by the police agency. The paragraph relating to this requirement in appellant's motion to suppress states, "Radio frequency interference check was not properly done pursuant to Ohio Adm.Code 3701–53–04(A), O.A.C. 3701(A)(2), and the appropriate checklist." The ODH requirements for RFI checks cited in the motion to suppress provide:

"A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check." Ohio Adm.Code 3701–53–04(A).

"The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced." Ohio Adm.Code 3701–53–04(A)(2).

The motion to suppress put the prosecution on notice that the RFI testing requirement in general, and the checklist in particular, were challenged. Patrolman Thomas Johnson testified that he is responsible for the calibration of the breath-testing device used by the Washington Court House Police Department. Patrolman Johnson testified that he performed calibration tests before and after appellant's testing. The checklist from both tests was introduced into evidence and Patrolman Johnson testified that he followed the requirements on the checklist. The checklist includes the requirement that the operator "transmit, using a hand-held radio near instrument without touching it, until RFI Detector aborts the test."

We find that the evidence produced at the hearing addressed the issue of the RFI testing to the degree of specificity required by the motion to suppress. The city was not required to specifically show that the hand-held radio was the type normally used by the law enforcement agency, because this specific requirement was not raised in detail in the motion to suppress. As mentioned above, when general Administrative Code provisions are raised in a motion to suppress, the evidence to establish substantial compliance need only show in general terms that the requirements were met. If appellant desired to challenge the specific issue of the type of hand-held radio used, it was incumbent upon him to do so, either in the motion, or by cross-examination at the hearing. Accordingly, we find that the

evidence demonstrated substantial compliance with the applicable regulation at issue.

Appellant next contends that the city did not meet its burden to establish that the instrument check solution was not used after the manufacturer's expiration date or more than three years after the manufacture of the solution. This requirement is found in Ohio Adm.Code 3701–53–04(A)(1), which states, "An instrument check solution approved by the director after the effective date of this rule shall not be used after the manufacturer's expiration date but in no event shall the solution be used more than three years after its date of manufacture, notwithstanding the manufacturer's expiration date."

This requirement was not specifically challenged in the motion to suppress. The only statement in the motion to suppress that could be applicable to this requirement is the contention, in general terms, that the "solution used to calibrate the testing equipment was invalid." The motion to suppress only put the prosecution on notice that the validity of the solution in general was contested. Again, if appellant desired to challenge the specific requirement regarding the manufacturer's expiration date, it was incumbent on him to do so, either in the motion or on cross-examination. Therefore, the prosecution was not required to introduce evidence regarding the manufacturer's expiration date to demonstrate substantial compliance.

Appellant next contends that the city failed to produce evidence to establish that the instrument check solution was approved by the Director of Health. This issue was specifically raised in appellant's motion to suppress. The motion alleges that "[t]he instrument check solution was not properly approved by the Director of Health pursuant to Ohio Adm.Code 3701–53–04(A)(1) and ODHL Method 5810." The provision cited by appellant, Ohio Adm.Code 3701–53–04(A)(1), provides the requirement that "[a]n instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health."

The city was specifically put on notice by the motion that appellant intended to challenge the issue of whether the testing solution had been approved by the director of health. However, no evidence was presented at the hearing relating to this issue. Neither Sergeant Rossiter nor Patrolman Johnson discussed this issue, nor were they questioned about this issue by the prosecutor. Although the instrument checklist was admitted into evidence, nothing on the form indicates that the solution met the ODH requirements. Although the checklist includes batch and bottle number of the solution, this information is insufficient to demonstrate that ODH requirements were met. See State v. Pagan (Nov. 10, 1999), Mahoning App. No. 97 CA 80, unreported, 1999 WL 1029508.

We note that the burden of producing evidence that the solution met the ODH requirements is not an onerous burden. Typically, this requirement is met by introducing a copy of the calibration solution certificate. We have previously held that an uncertified copy of the certificate meets the prosecution's burden of substantial compliance on this issue. *State v. Brown* (June 15, 1998), Madison App. No. CA97–06–030, unreported, at 9. We also note that when a motion to suppress does not allege the specific way in which the regulation was violated (as in this case), basic testimony from the officer in charge of calibrating the machine that the solution meets ODH requirements satisfies the state's burden to show substantial compliance on this issue. However, the state may have to produce additional evidence, including the certificate, on cross-examination if the defendant raises specific facts or questions regarding the solution.

Finally, appellant contends that the prosecution failed to produce evidence that the testing solution was refrigerated when not in use. Appellant's motion to suppress states that "[t]he solution used to calibrate the testing instrument was invalid and not properly maintained in accordance with OAC 3701–53–04(C)." The Administrative Code requirement provides that "[c]alibration solutions shall be kept under refrigeration after first use, when not being used. The calibration solution container shall be retained for reference until the calibration solution is discarded."

The prosecution was put on notice that the validity of the solution, specifically the maintenance of the solution, was contested. Again, the burden on the state to show substantial compliance with this requirement is minimal. Basic testimony that the solution was maintained according to ODH regulations may have been sufficient. See *State v. Snider* (May 5, 1997), Warren App. No. CA96–10–102, unreported, 1997 WL 226203. However, no evidence was produced, either by testimony or documentation, that addressed this issue either in specific or general terms. The record contains no evidence whatsoever that the solution was maintained according to Department of Health Regulations.

■ In conclusion, we find that the prosecution did not meet its burden to establish substantial compliance with the requirement that the solution be approved by the Department of Health or the requirement that the solution be maintained according to the Department of Health regulations. Since both of these issues were raised in the motion to suppress, the prosecution was required to produce some evidence to show substantial compliance with these requirements. We again stress that establishing substantial compliance with both of these requirements was possible with minimal effort on the part of the prosecution. Basic testimony that the solution met the Department of Health regulations may have been sufficient to show substantial compliance. However, the evidence produced in this case does not meet even this minimal standard.

The testimony elicited from Officer Johnson by the prosecutor essentially consisted of the following: a statement that the officer was responsible for calibration of the breathalyzer machine, introduction of calibration checklists of the tests performed prior to appellant's test and after appellant's test, a statement that the purpose of calibration is to assure that the machine is working correctly, a statement that the checklist was followed, and a conclusion that the calibration tests showed the machine was functioning correctly.

The prosecutor was sufficiently put on notice that he was required to ask a few more questions concerning the two specific issues discussed above. This extremely limited testimony was insufficient with regard to these issues, which were specifically raised by appellant's motion to suppress. Accordingly, appellant's assignment of error is sustained.

The judgment is reversed and the cause is remanded.

*Judgment accordingly.*

POWELL, P.J., and WILLIAM W. YOUNG, J., concur.