OPINION
{¶ 1} Defendant-Appellant, Ryan J. Nichols, appeals a judgment of the Tiffin Municipal Court, denying his motion to suppress evidence obtained subsequent to an investigative stop. Nichols contends that there was no reasonable suspicion justifying the investigative stop and that the evidence obtained as a result of the stop should have been suppressed as the fruit of an illegal seizure. Having reviewed the record before us, we hold that the trial court did not err in finding that the police officer had sufficient reasonable suspicion to commence an investigative stop of Nichols. Accordingly, we overrule Nichols' sole assignment of error and affirm the judgment of the trial court.
 {¶ 2} In May of 2003, Officer Mark Marquis of the Tiffin Police Department observed Nichols and another male walking through an empty parking lot at around two o'clock in the morning. Driving past the two males, Officer Marquis observed that they appeared to be under the age of eighteen and in violation of local curfew laws. Officer Marquis stopped his vehicle and inquired into the ages of the two males. Nichols truthfully responded that he was nineteen years old. The male accompanying Nichols also truthfully responded, telling Officer Marquis that he was fifteen years old.
 {¶ 3} Officer Marquis still did not believe that Nichols was over eighteen years of age and got out of his car to effectuate an investigative stop. Upon approaching Nichols, Officer Marquis noticed that he appeared nervous and had the smell of alcohol on his breath. Nichols was then arrested for underage consumption of alcohol, read his Miranda rights, and searched incident to the arrest. During the search incident to the arrest, Officer Marquis found a bag of marijuana and postal scales on Nichols' person. A breath test confirmed that Nichols had been drinking alcohol, and he admitted to Officer Marquis that he drank four beers that night.
 {¶ 4} Nichols was brought to trial on charges of underage consumption, possession of marijuana, and possession of drug paraphernalia. Initially, Nichols pled not guilty to the charges and filed a motion to suppress all of the evidence gathered after the investigative stop. The basis of Nichols' motion to suppress was that Officer Marquis had no reasonable suspicion to justify the stop and that any evidence garnered as a result of the stop was inadmissible. After holding a hearing, the trial court denied Nichols' suppression motion. Subsequently, Nichols changed his plea to no contest and was convicted of underage consumption in violation of R.C. 4301.69(E)(1), possession of marijuana in violation of R.C. 2925.11, and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). From this judgment Nichols appeals presenting one assignment of error for our review.
 Assignment of Error I The trial court erred in denying the defendant's motion tosuppress evidence.
 {¶ 5} Nichols contends that the trial court wrongfully denied his motion to suppress evidence gained as a result of Officer Marquis' investigative stop. The basis for Nichols' argument is that Officer Marquis did not have sufficient reasonable suspicion to initiate an investigative stop.
 {¶ 6} When ruling on a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight to be given the evidence presented. State v. Johnson (2000),137 Ohio App.3d 847, 850, 739 N.E.2d 1249. An appellate court must uphold the trial court's findings of fact if they are supported by competent, credible evidence. State v. Dunlap (1995),73 Ohio St.3d 308, 314, 652 N.E.2d 988. However, this process is two-fold, as an appellate court "must then conduct a de novo review of the trial court's application of the law to the facts."State v. Hodge, 147 Ohio App.3d 550, 2002-Ohio-3053, at ¶ 9
(citations omitted).
Whenever a police officer accosts an individual and restricts his freedom of movement, that individual's Fourth Amendment rights become implicated. Terry v. Ohio (1968), 392 U.S. 1, 16. In order for a police officer to temporarily detain someone for investigative purposes, absent the presence of probable cause, the police officer must have a reasonable suspicion that illegal activity is afoot. State v. Bobo (1988), 37 Ohio St.3d 177,179, 524 N.E.2d 489, citing Terry, 392 U.S. at 21. Reasonable suspicion necessary to effectuate an investigative stop has been defined as, "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Bobo, 37 Ohio St.3d at 178, citing Terry,392 U.S. at 20-21. Nichols maintains that, legally, a youthful appearance is not enough to initiate an investigative stop for a curfew violation. We disagree.
 {¶ 7} Herein, Officer Marquis testified that he believed Nichols was underage and breaking the local curfew law. He based this suspicion on Nichols' appearance and his knowledge and experience as a police officer. During the suppression hearing, the trial court was able to observe Officer Marquis on both direct and cross examination. The trial court was also able to personally observe Nichols' actual physical appearance. The trial court is in a better position than this court to judge the accuracy of Marquis' assessment of Nichols' appearance. The fact that a person appears to be under the age of eighteen and is out after curfew certainly gives rise to enough of a reasonable suspicion that illegal activity is afoot to permit a police officer to conduct an investigative stop.
 {¶ 8} Accordingly, we find that there was sufficient competent credible evidence before the trial court to justify its finding that Officer Marquis had a reasonable suspicion Nichols was breaking the curfew law. Furthermore, this determination is in line with previous rulings of this Court holding that an officer's observation of what he believed to be an underage person breaking curfew law was reasonable suspicion sufficient to effectuate an investigative stop. State v. Throckmorton (Sept. 26, 1994), 3rd Dist. No. 9-94-27, unreported, 1994 WL 521200, *2.
 {¶ 9} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Cupp and Bryant, JJ., concur.