[Cite as *State v. Courtney*, 2012-Ohio-989.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                         CASE NO. 17-10-26

    v.

GREGORY M. COURTNEY,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 09CR000337

**Judgment Affirmed**

Date of Decision: March 12, 2012

APPEARANCES:

    *David M. Treadway* **for Appellant**

    *Jeffrey J. Beigel* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Gregory Courtney, appeals the judgment of the Court of Common Pleas of Shelby County denying his motion to suppress. On appeal, Courtney contends that the trial court's denial of his motion to suppress was against the manifest weight of the evidence; that the trial court erred when it misapplied the facts to the appropriate legal analysis; and, that the trial court's denial of his motion to suppress inappropriately decided the ultimate issued raised in the motion to suppress. Based on the following, we affirm the judgment of the trial court.

{¶2} In November 2009, the Shelby County Grand Jury indicted Courtney on ten counts of pandering sexually oriented material with a minor in violation of R.C. 2907.322(A)(5), a felony of the fourth degree. The indictment arose following the execution of a search warrant, during which law enforcement discovered child pornography on Courtney's personal computer. In that same month, Courtney entered pleas of not guilty to all counts in the indictment.

{¶3} In April 2010, Courtney filed a motion to suppress all of the evidence seized pursuant to the execution of the search warrant. Courtney argued that the information within the affidavit was insufficient to establish probable cause. In the alternative, Courtney argued that the search warrant affidavit was based on false information provided by an informant whose reliability and veracity were not

investigated or attested to by the affiant officer. As a result, Courtney argued that those portions of the affidavit containing information supplied by the informant should be redacted, resulting in an affidavit devoid of sufficient information to establish probable cause.

{¶4} In May 2010, the matter proceeded to a suppression hearing, during which the following testimony was adduced.

{¶5} Detective Warren Melerine testified that he has been employed with the Sidney Police Department for eight (8) years. On October 27, 2009, at approximately 7:30 p.m., a woman, who identified herself as Tara Cox (hereinafter "Cox"), contacted the Sidney Police Department concerning her discovery of child pornography. Detective Melerine, who was a patrolman at the time, was directed to investigate the call. Detective Melerine contacted Cox via the telephone. Detective Melerine testified that he had no knowledge of or contact with Cox prior to their conversation on the phone.

{¶6} During their conversation, Cox informed Detective Melerine that earlier that day she went to visit Courtney at his mother's residence, where Courtney resides. Courtney, however, was not home so Cox decided to wait until he returned. Cox explained that while she waited she accessed Courtney's personal computer, located in his bedroom, to check her e-mail and use the internet. Upon accessing the computer she observed a folder labeled "trailer." Hearing Tr., p. 25.

-3-

Believing that the file contained photographs of Courtney's band, Cox opened the file and discovered that it contained child pornography. Cox explained that the pictures depicted children, ranging in ages from three (3) to sixteen (16), posing nude and engaging in sexual acts.

**{¶7}** Upon concluding his conversation with Cox, Detective Melerine contacted and conveyed the information to Detective Robert Jameson. Detective Melerine testified that nothing about his conversation with Cox indicated that she was providing false information.

**{¶8}** Detective Jameson testified that he has been employed with the Sidney Police Department for thirteen (13) years. On October 27, 2009, at approximately 8:00 p.m., Detective Melerine informed Detective Jameson about the conversation he had with Cox. Detective Jameson proceeded to contact Cox via telephone to confirm the information conveyed by Detective Mereline and further inquire about the circumstances surrounding her discovery. Detective Jameson testified that he had no knowledge of or contact with Cox prior to their conversation on the phone, and that he was not aware of Cox having worked as an informant for the Sidney Police Department.

**{¶9}** Detective Jameson testified that "[Cox] was very specific and detailed with me as to what she saw. Gave me very specific information about what kind of computer it was and where the items were located within that computer." Hearing

Tr., p. 8. Specifically, Cox informed Detective Jameson that the computer containing the child pornography was located at Courtney's mother's residence, located at 846 Fielding; that she accessed the computer in Courtney's bedroom; that the computer was a "black HP laptop" (Hearing Tr., p. 23); and, that the pornographic photographs were located in a folder labeled "trailer." Hearing Tr., p. 11.

{¶10} After Detective Jameson spoke with Cox, he independently verified that Courtney's mother owned and resided at 846 Fielding. Detective Jameson testified that he had no reason to question the reliability and veracity of the information provided by Cox.

{¶11} Detective Jameson testified that based on his conversation with Cox, he drafted an affidavit in support of a search warrant, which the magistrate granted at approximately 9:10 p.m. Shortly thereafter, the search warrant was executed on Courtney's mother's residence. Courtney was at the residence during the warrant's execution and retrieved a computer from his bedroom matching the description given by Cox. Investigation of the computer's contents revealed a file labeled "trailer," which was found to contain child pornography.

{¶12} Detective Jameson continued that six weeks after the search warrant was executed he learned that Cox did not personally view the pornographic photographs on Courtney's computer. Instead, an individual by the name of Steve

Helton (hereinafter "Helton") had viewed the pornographic photographs. Accordingly, Detective Jameson interviewed Helton who explained that he remodeled a house with Courtney and during that time had occasion to use Courtney's computer which Courtney brought to the worksite.[1] It was during this time Helton discovered the pornographic photographs. Helton explained that he was reluctant to contact law enforcement about the photographs because of an outstanding warrant for his arrest. As a result, Helton relayed the information to Cox, his girlfriend at the time, and asked her to notify law enforcement of the photographs as though she had discovered them.

{¶13} In June 2010, the trial court filed its judgment entry denying Courtney's motion to suppress.

{¶14} In July 2010, the matter proceeded to a change of plea hearing. Though the trial court's sentencing judgment entry states that Courtney entered pleas of guilty to all ten counts in the indictment, the record reveals that Courtney entered pleas of no contest to all ten counts in the indictment. *See* Docket Entries Nos. 74 & 75; *see also* Change of Plea Hearing Tr., p. 12. After Courtney entered his pleas of no contest, the trial court proceeded to find him guilty on all ten counts in the indictment.

---

[1] At the time Detective Jameson interviewed Helton, Helton was incarcerated on felonies unrelated to the present case.

{¶15} In September 2010, the matter proceeded to sentencing. The trial court sentenced Courtney to an eighteen-month prison term on each count. The trial court further ordered that counts one through five be served concurrently and counts six through ten be served concurrently, but consecutively to counts one through five, for an aggregate prison term of three years.

{¶16} It is from this judgment Courtney appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT DECISION DENYING APPELLANT'S MOTION TO SUPPRESS IS IN ERROR BASED ON THE MANIFEST WEIGHT OF THE EVIDENCE.**

*Assignment of Error No. II*

**THE TRIAL COURT DECISION IS IN ERROR BECAUSE THE COURT FAILED TO APPLY THE FACTS OF THIS CASE TO THE APPROPRIATE TEST.**

*Assignment of Error No. III*

**THE TRIAL COURT DECISION DENYING APPELLANT'S MOTION TO SUPPRESS IS IN ERROR BECAUSE IT INCORRECTLY DECIDED THE ULTIMATE OR FINAL ISSUE RAISED IN THE MOTION TO SUPPRESS.**

{¶17} Due to the nature of Courtney's assignments of error, we elect to address them together.

*Assignments of Error Nos. I, II, & III*

**{¶18}** Upon consideration of Courtney's first, second, and third assignments of error, we have identified two contentions challenging the trial court's denial of his motion to suppress. First, Courtney contends that the affidavit, as it was presented to the magistrate, was insufficient to establish probable cause. In the alternative, Courtney contends that Detective Jameson's reliance on the information provided by Cox was in reckless disregard of the truth as the information was false and she, contrary to the trial court's finding, was not an identified citizen but an anonymous informant, whose reliability and veracity were not investigated or attested to in the affidavit filed in support of the motion to suppress. As a result, Courtney contends that the information supplied by Cox and reproduced in the affidavit should have been redacted, pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978), resulting in an affidavit devoid of sufficient information to establish probable cause. We disagree with both contentions.

*Standard of Review*

**{¶19}** "Appellate review of a decision on a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight to be given to the evidence

presented. *State v. Johnson*, 137 Ohio App.3d 847, 850 (12th Dist. 2000). Therefore, when an appellate court reviews a trial court's ruling on a motion to suppress, it must accept the trial court's findings of facts when supported by competent, credible evidence. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). The appellate court must then review the application of the law to the facts de novo. *Roberts*, citing *Burnside* at ¶ 8.

### *Sufficiency of the Search Warrant Affidavit*[2]

{¶20} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article I, Section 14 of the Ohio Constitution contains a nearly identical provision.

{¶21} Probable cause is a lesser standard of proof than that required for a conviction, such as proof beyond a reasonable doubt or by a preponderance of the evidence. *State v. Young*, 146 Ohio App.3d 245, 254 (11th Dist. 2001), citing *State v. George*, 45 Ohio St.3d 325, 329 (1989); *Illinois v. Gates*, 462 U.S. 213, 235, 103

---

[2] Note that we will address this contention without consideration of the fact that Cox lied about viewing the pornographic photographs.

S.Ct. 2317 (1983). Probable cause only requires the existence of circumstances that warrant suspicion. *Young* at 254. Thus, "the standard for probable cause requires *only* a showing that a probability of criminal activity exists, *not* a prima facie showing of criminal activity." *Id.*, citing *George* at 329. "Hearsay may serve as the basis for the issuance of a warrant as long as there is a substantial basis for crediting the hearsay." *State v. Underwood*, 4th Dist. No. 03CA2930, 2005-Ohio-2309, ¶ 16, citing *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741 (1965).

{¶22} When evaluating an affidavit for the sufficiency of probable cause, the issuing magistrate must apply a "totality-of-the-circumstances" test. *George* at paragraph one of the syllabus, following *Gates* at 238-239. The magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*, quoting *Gates* at 238.

{¶23} On review, neither the trial court nor an appellate court should substitute its judgment for that of the magistrate. *George* at paragraph two of the syllabus, following *Gates*. Rather, the reviewing court should simply "ensure that the magistrate had a substantial basis for concluding that probable cause existed."

*Id*. The reviewing court "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id*.

{¶24} In the present case, the only information supplied to the magistrate in support of the search warrant was Detective Jameson's affidavit. Consequently, we must determine whether the information within Detective Jameson's affidavit provided the magistrate with a substantial basis to conclude that probable cause existed. *See State v. Graham*, 3d Dist. No. 5-01-01, 2001-Ohio-2327 (magistrate limited to the four corners of the affidavit when determining the existence of probable cause). Accordingly, our review begins with the contents of Detective Jameson's affidavit, which, in its entirety, stated:

> **I, Robert M. Jameson, am (sic) member of the City of Sidney Ohio Police Department. I have been an officer with the Sidney Police Dept. since June 1997 and am currently assigned to the Detective section of the department in the rank of Sergeant. I have attended numerous hours of training relating to investigations and hold an Associate Degree in Criminal Justice. I have been the affiant on a number of search warrants in the past and have been involved in countless felony investigations as an Officer with the Sidney Police Dept.**
>
> **On October 27, 2009 (sic) I was contacted by Officer Warren Melerine who informed me that he had just talked with Tara Cox who was reporting what she believed was child pornography on a computer belonging to Gregory Courtney. I personally contacted Tara by telephone and inquired about what she observed. Tara stated to me that around 12 PM today she stopped at Gregory's residence on Fielding Rd. Tara said that**

**Gregory shares the home with his mother Linda Browning. She stated she was there to visit Gregory who was not home at the time. Tara stated that she decided to check her e-mail and surf the internet while waiting and got on Gregory's laptop computer that was located in his bedroom. Tara said while on the computer she came across a folder titled "trailer" on the hard drive of the computer. Tara stated that since she knew Gregory was in a band she thought the folder might contain photos of the band. Tara said she opened the folder and observed a number of images that she described as nude children between the ages of 3 and 16 performing various sexual acts on each other. Tara went on to state that there were also images of adult men engaged in sexual acts with what she described as 5 year old girls. When asked how many images she saw she could not answer but stated there were quite a few.**

**I am seeking this search warrant to search for and seize a laptop computer that I believe holds evidence of Pandering sexually oriented matter involving a minor.**

{¶25} Courtney contends that the affidavit, as it appears above, is insufficient to establish probable cause. In particular, Courtney contends that the trial court erred when it found that Cox was an identified citizen informant. Instead, Courtney argues that Cox was an anonymous informant, because neither Detective Jameson nor Detective Melerine conducted a background check of Cox prior to applying for the search warrant. As a result, Courtney contends that Detective Jameson's affidavit should have contained information establishing Cox's reliability and truthfulness. Because the affidavit contained no explicit statements establishing Cox's reliability and truthfulness, and testimony during the suppression hearing revealed that neither Detective Jameson nor Detective

Melerine conducted any independent investigation into Cox's background, Courtney contends that the affidavit did not provide the magistrate with a substantial basis for concluding that probable cause existed.

{¶26} An informant's tip can establish probable cause, depending on the totality of the circumstances. *Gates*, 462 U.S. 213, 241-44, 103 S.Ct. 2317. Where law enforcement seeks a search warrant based solely on an informant's tip, however, determination of the informant's reliability and veracity is essential. In Ohio, courts faced with the issue of determining an informant's reliability and veracity often consider whether the informant is a (known or unknown) criminal informant, an anonymous informant, or an identified citizen informant. *Maumee v. Weisner*, 87 Ohio St.3d 295, 300 (1999). "While the United States Supreme Court discourages conclusory analysis based solely upon these categories, insisting instead upon a totality of the circumstances review, it has acknowledged their relevance to an informant's reliability." *Id*.

{¶27} Under the facts of the present case, we find that the trial court did not err when it found that Cox was an identified citizen informant. In *Weisner*, the Ohio Supreme Court concluded that an informant who provided law enforcement with his name, cell phone number, and home phone number, but never had face-to-face contact with law enforcement, was properly classified as an identified citizen

-13-

informant.[3] *Id*. at 302. Like the informant in *Weisner*, Cox provided her name and phone number to law enforcement, but never had face-to-face contact with either Detective Jameson or Detective Melerine. Due to the similarity between the present case and *Weisner*, we find that the trial court did not err when it determined that Cox was an identified citizen informant.

{¶28} Having resolved this issue, we emphasize, as did the *Weisner* Court, that categorization of Cox as an identified citizen informant is not itself determinative of whether the magistrate had a substantial basis for concluding that probable cause existed. *Weisner* at 302. Instead, the classification of an informant as an identified citizen merely creates a presumption that the information he or she provided is reliable and truthful. *State v. Enyart*, 10th Dist. Nos. 08AP-184, 08AP-138, 2010-Ohio-5623, ¶ 34, citing *State v. Garner*, 74 Ohio St.3d 49, 63 (1995).

{¶29} Building on the presumption that the information Cox provided was reliable and truthful is the fact that she willingly provided information to law enforcement on two separate occasions. In *Weisner*, the Ohio Supreme Court explained that "greater credibility may be due an informant such as this who initiates and permits extended police contact rather than one who phones in a tip

---

[3] Though *Weisner* is factually distinguishable from the present case, the *Weisner* Court's finding concerning the classification of the informant is applicable in the present case. The *Weisner* Court's determination that the informant was an identified citizen informant, as opposed to an anonymous informant, was not predicated on the particular facts of the case, but rather was predicated on the information conveyed by the informant to law enforcement.

and retreats from any further police interaction." *Weisner*, 87 Ohio St.3d at 302. It is readily apparent from the affidavit that Cox initiated contact with law enforcement, and willingly participated in extended police contact when she spoke with Detective Jameson and Detective Melerine on separate occasions. Due to Cox's willing participation in extended police contact, the information provided by Cox merits a higher degree of credibility.

{¶30} In addition to Cox's willingness to interact with law enforcement, Cox's apparent basis of knowledge bolsters the presumption that the information she provided was reliable and truthful. An "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles [a] tip to greater weight than might otherwise be the case." *Gates* at 234; *see also United States v. Likins*, 84 Fed.Appx. 504, 509 (6th Cir. 2003) ("As with the issues of reliability and veracity * * * the more detail an informant may provide, the better the basis of knowledge upon which a judicial officer may rely."). Here, it is readily apparent from the affidavit that the information Cox provided to law enforcement was a first-hand account, rather than mere rumor or speculation. Furthermore, the information provided by Cox was very detailed. In particular, the affidavit detailed when Cox discovered the pornographic photographs, how and why she accessed Courtney's computer, where the photographs were located in the computer, and a description of the photographs,

which unmistakably described child pornography. In light of Cox's detailed, first-hand account, the information provided by Cox merits further credibility.

**{¶31}** In light of the foregoing, we find that the magistrate, based on the information provided in the affidavit, had a substantial basis for concluding that probable cause existed. Though Detective Jameson did not explicitly attest to Cox's reliability or truthfulness, the magistrate could have reasonably concluded that the information provided by Cox was reliable and truthful, as it was readily apparent from the affidavit that Cox was an identified citizen informant, who willingly participated in the investigation, and provided a detailed, first-hand account of child pornography on Courtney's computer. *See State v. Rader*, 12th Dist. No. CA2009-07-185, 2010-Ohio-1010 (determining that identified citizen informant's detailed, first-hand account of child pornography in defendant's residence provided magistrate a substantial basis for concluding that probable cause existed). Even if there is doubt as to whether the magistrate had a substantial basis for concluding that probable cause existed, "doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *George*, 45 Ohio St.3d at paragraph two of the syllabus. Accordingly, we find that the affidavit provided the magistrate with a substantial basis for concluding that probable cause existed.

*Application of Franks v. Delaware*

**{¶32}** In the alternative, Courtney contends that Detective Jameson's reliance on the information provided by Cox was in reckless disregard of the truth as the information was false and that Cox, contrary to the trial court's finding, was not an identified citizen informant but an anonymous informant, whose reliability and veracity were not investigated or attested to in the search warrant affidavit. As a result, Courtney contends that the information supplied by Cox and reproduced in the affidavit should have been redacted, resulting in an affidavit devoid of sufficient information to establish probable cause. We disagree.

**{¶33}** An affidavit filed in support of a search warrant is presumed valid. *See State v. Roberts*, 62 Ohio St.2d 170, 178 (1980); *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674. To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the *affiant*, not the informant, made a false statement, either intentionally or with reckless disregard for the truth. *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 31, citing *Franks* at 155-156; *see also McCray v. Illinois*, 386 U.S. 300, 307, 87 S.Ct. 1056 (1967) ("the magistrate is concerned, not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told."). "Reckless disregard" means that the affiant had

serious doubts about the truth of an allegation. *McKnight* at ¶ 31, citing *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984).

{¶34} On appeal, Courtney contends that Detective Jameson acted in reckless disregard of the truth when he incorporated Cox's information in the search warrant affidavit without investigating Cox's background. We find this argument to be unpersuasive.

{¶35} In light of our previous discussion, we are not persuaded that Detective Jameson's failure to investigate Cox's background caused him to act in reckless disregard of the truth.[4] Detective Jameson testified that he had no reason to doubt the veracity of the information provided by Cox, and the record contains no evidence to rebut this testimony. Indeed, based on the facts that would have been apparent to Detective Jameson during the investigation (i.e., Cox was an identified citizen informant, Cox willingly participated in the investigation, and Cox provided a detailed, first-hand account of the child pornography) it was reasonable for him to not doubt the veracity of the information provided by Cox. Additionally, Courtney's suggestion that investigation of Cox's background would have revealed that Cox was lying is mere conjecture. There is no guarantee that further investigation of Cox's background or the information she provided would have revealed the fact that Helton, not she, discovered the pornographic

---

[4] We note that Courtney cites no authority in support of his argument. App.R. 16(A)(7).

photographs, especially in light of the fact that Cox and Helton were in a relationship at the time. Given the circumstances known to Detective Jameson at the time of the investigation and Detective Jameson's testimony during the suppression hearing, there was no reason for Detective Jameson to doubt the reliability and veracity of the information provided by Cox, and certainly no evidence that suggests he actually harbored such doubts. Accordingly, we find that Detective Jameson did not act with reckless disregard when he incorporated Cox's information in the search warrant affidavit.

{¶36} In light of the foregoing, we overrule Courtney's first, second, and third assignments of error.

{¶37} Having found no error prejudicial to Courtney herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**SHAW, P.J., concurs in Judgment Only.**

**/jlr**