[Cite as *State v. Luebrecht*, 2019-Ohio-1277.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 1-18-56

      v.

MATTHEW J. LUEBRECHT,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 18TRC01446

Judgment Affirmed

Date of Decision:   April 8, 2019

APPEARANCES:

    *Clayton P. Osting* for Appellant

    *Anthony M. DiPietro* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Matthew Luebrecht ("Luebrecht"), brings this appeal from the September 25, 2018, judgment of the Lima Municipal Court sentencing him to 180 days in jail, with 150 suspended, after he pled no contest to, and was convicted of, OVI with a refusal to submit to a breath test and a prior OVI within 10 years in violation of R.C. 4511.19(A)(2). On appeal, Luebrecht argues that the trial court erred by overruling his suppression motion. He contends that the officer lacked reasonable articulable suspicion of a traffic violation to initiate a stop of his vehicle.

*Relevant Facts and Procedural History*

{¶2} On February 13, 2018, Luebrecht was driving in Delphos on a three-lane roadway. The roadway contained an eastbound lane, a westbound lane, and a left turn lane in the center demarcated by a solid yellow line. Sergeant Allen Cooper of the Delphos Police Department indicated that he observed Luebrecht's vehicle cross the yellow lane line into the center turn lane, and that he then initiated a traffic stop of Luebrecht for failure to drive within marked lanes.

{¶3} Sergeant Cooper indicated that when he interacted with Luebrecht, Luebrecht's eyes were glassy and bloodshot, his speech was lethargic, and it seemed like he was reaching for words. Sergeant Cooper observed a "tallboy" Bud Light in the vehicle and Luebrecht admitted to consuming two beers.

{¶4} Sergeant Cooper had Luebrecht step out of the vehicle and perform field sobriety tests. Sergeant Cooper noted six of six clues of impairment on the HGN test, indicators of impairment on the walk-and-turn test, and more indicators of impairment on the one-leg-stand test, including Luebrecht nearly falling over at one point. Luebrecht refused to perform a breath test.

{¶5} On February 13, 2018, Luebrecht was charged with OVI in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor, OVI in violation of R.C. 4511.19(A)(2) with a prior OVI within 10 years, and failure to drive in marked lanes in violation of R.C. 4511.33(A). He originally pled not guilty to the charges.

{¶6} On March 16, 2018, Luebrecht filed motion to suppress arguing, *inter alia*, that the officer lacked a reasonable articulable suspicion of a traffic violation to stop his vehicle.[1] The matter proceeded to a hearing, which was held on June 19, 2019.[2] At the hearing, the State presented the testimony of Sergeant Cooper, who indicated that he stopped Luebrecht's vehicle for driving outside of his marked lane. The State entered Luebrecht's dash-cam video into evidence. In addition, the State presented the testimony of Patrolman Garret Rohr of the Delphos Police

---

[1] The suppression motion contained additional issues that are not the subject of this appeal, and we will not address them.

[2] The hearing addressed additional issues, such as a motion to dismiss that Luebrecht had filed related to discovery issues. There were a number of documents and affidavits filed regarding discovery issues in this matter by defense counsel and the State, but as these issues are irrelevant to this appeal, we will not address them.

Department, who testified that he was backup for Sergeant Cooper at the scene, and that he witnessed Luebrecht's refusal to perform a breath test.

{¶7} Luebrecht testified on his own behalf at the hearing, indicating that he had broken his arm in the week prior to being stopped, and that he had initially pulled off to the right side of the road to readjust his cast. He testified that he pulled back onto the road, that he thought about going into Arby's on the left side of the road, but he did not, and that he maintained his vehicle in his lane of travel contrary to Sergeant Cooper's testimony.

{¶8} At the conclusion of the hearing, the trial court overruled Luebrecht's motion to suppress, finding specifically that there was a reasonable articulable suspicion to justify a traffic stop in this matter. The next day, the trial court filed a written entry overruling the suppression motion.

{¶9} After his suppression motion was denied, Luebrecht entered into a plea agreement wherein he agreed to plead no contest to OVI with refusal in violation of R.C. 4511.19(A)(2), and in exchange the State agreed to dismiss the remaining charges. Following a Crim.R. 11 hearing, Luebrecht's no contest plea was accepted, facts of the incident were read into the record by the State, and Luebrecht was found guilty of OVI as charged. He was sentenced to 180 days in jail, with 150 suspended.[3]

---

[3] Ten of his days could be served by electronic monitoring.

**{¶10}** A judgment entry memorializing his sentence was filed September 25, 2018. It is from this judgment that Luebrecht appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred in denying the defendant's motion to suppress the stop of the defendant's vehicle and all evidence gathered from the stop. Said denial was in violation of Ohio law and the Ohio and Federal Constitutions.**

**{¶11}** In his assignment of error, Luebrecht argues that the trial court erred by denying his suppression motion. Specifically, he contends that the stop of his vehicle was not supported by a reasonable articulable suspicion that a traffic violation had occurred.

Standard of Review

**{¶12}** "Appellate review of a decision on a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003–Ohio–5372, ¶ 8. The trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight to be given to the evidence presented. *State v. Johnson,* 137 Ohio App.3d 847, 850 (12th Dist.2000). Therefore, when an appellate court reviews a trial court's ruling on a motion to suppress, it must accept the trial court's findings of facts so long as they are supported by competent, credible evidence. *State v. Roberts,* 110 Ohio St.3d 71, 2006–Ohio–

3665, ¶ 100.  The appellate court must then review the application of the law to the facts de novo.  *Burnside* at ¶ 8.

Analysis

**{¶13}** The primary issue before this Court in this case is whether Sergeant Cooper had a reasonable articulable suspicion to believe Luebrecht committed a Marked Lanes violation pursuant to R.C. 4511.33(A).  The Supreme Court of Ohio has defined "reasonable articulable suspicion" as "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [upon an individual's freedom of movement]." *State v. Bobo,* 37 Ohio St.3d 177, 178 (1988), quoting *Terry v. Ohio,* 392 U.S. 1, 21–22 (1968).  "The 'reasonable and articulable suspicion' analysis is based on the *collection* of factors, not on the individual factors themselves." (Emphasis sic.)  *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 12, quoting *State v. Batchili,* 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 11.  Most importantly, the Supreme Court of Ohio has held that, "A traffic stop is constitutionally valid when a law-enforcement officer witnesses a motorist drift over the lane markings in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving." *Mays* at syllabus.

**{¶14}** In this case, Sergeant Cooper testified that he stopped Luebrecht for a violation of R.C. 4511.33(A), which reads, in pertinent part,

> **(A)  Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal**

**corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:**

**(1)   A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.**

**(2)   Upon a roadway which is divided into three lanes and provides for two-way movement of traffic, a vehicle or trackless trolley shall not be driven in the center lane except when overtaking and passing another vehicle or trackless trolley where the roadway is clearly visible and such center lane is clear of traffic within a safe distance, or when preparing for a left turn, or where such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle or trackless trolley is proceeding and is posted with signs to give notice of such allocation.**

**\* \* \***

**{¶15}** Sergeant Cooper testified that on February 13, 2018, he was driving "East Bound on 5th Street, near Elida Road" when he "observed tail lights of a vehicle on the right-hand side of the road.  Kind of off the road way."  (June 19, 2018, Tr. at 15).   Sergeant Cooper testified that the road was three lanes, with one lane going east, one going west, and a left turn lane between them.  (*Id*. at 36).  Sergeant Cooper testified that he was not certain whether Luebrecht's vehicle was on the shoulder of the roadway when he first observed it, or had just left the roadway, but when Luebrecht's vehicle was subsequently on the roadway, Sergeant Cooper followed it to see if the vehicle was having some issues.

{¶16} Sergeant Cooper testified that while following Luebrecht, he observed Luebrecht cross over the yellow lane line, which was on Luebrecht's left. Sergeant Cooper testified that Luebrecht's tire completely crossed the line before he returned to his lane. Sergeant Cooper testified that he then initiated a traffic stop based upon a violation of R.C. 4511.33(A).

{¶17} The State introduced the recording from Sergeant Cooper's dash camera into evidence. The video does corroborate Sergeant Cooper's testimony. When viewing the video, it does appear to illustrate Luebrecht's vehicle driving outside his lane of travel, crossing over into the turn lane, though it is distant in the video.

{¶18} To counter the State's evidence, Luebrecht testified on his own behalf that he maintained his lane of travel. He testified that at one point he thought about going to Arby's, on the left side of the roadway, but decided against it. He also indicated that he had originally pulled off the road to readjust a cast he was wearing for an injury.

{¶19} When considering the evidence, the trial court found that Sergeant Cooper had a reasonable articulable suspicion of a traffic violation based on R.C. 4511.33(A)(2). The trial court reasoned that Luebrecht did not use a turn signal to indicate he was getting into a turn lane, and that he "wasn't over taking [sic] or passing another vehicle[.]" (Tr. at 87). The trial court indicated that Sergeant

Cooper witnessed Luebrecht cross out of his lane. The trial court further stated that, "based upon the facts the officer had, not that the defendant here was distracted and might have wanted to go left of center, the officer can't contemplate that. So, that is reasonable suspicion to stop the vehicle." (*Id.*)

{¶20} On appeal, Luebrecht argues that the trial court erred by finding that Sergeant Cooper had a reasonable articulable suspicion of a traffic violation to perform a stop of his vehicle. In support, he argues that Sergeant Cooper originally stated that Luebrecht crossed a "center" line, and that on his ticket he marked that the roadway was only two lanes, rather than three. Luebrecht argues that Sergeant Cooper did not actually witness a traffic violation as he alleged.

{¶21} It is accurate that Sergeant Cooper wrote that the road was two lanes on the ticket, but he explained that he wrote that because there was one eastbound lane, and one westbound lane. The third lane was a left-turn lane. He conceded that writing down two lanes was not precisely accurate; however, he nevertheless maintained that he felt Luebrecht's actions constituted a violation of R.C. 4511.33 and that was why Sergeant Cooper stopped Luebrecht's vehicle.

{¶22} In recent years this court has issued numerous opinions addressing when it is appropriate to stop a vehicle for driving outside of marked lanes in violation of R.C. 4511.33. *See e.g. State v. Ellis*, 3d Dist. Allen No. 1-17-37, 2018-Ohio-898; *State v. Yost*, 3d Dist. No. 13-18-03, 2018-Ohio-2873. Although these

cases more often deal with violations concerning R.C. 4511.33(A)(1), the same principles apply to violations regarding R.C. 4511.33(A)(2).

{¶23} Under our prior cases, the testimony and the video illustrating that Luebrecht *crossed* the line out of his lane would be sufficient to stop him for a violation of R.C. 4511.33. This is particularly true when considering the language of the Supreme Court of Ohio in *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539. "A traffic stop is constitutionally valid when a law-enforcement officer witnesses a motorist drift over the lane markings in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving." *Mays* at syllabus.

{¶24} Although Luebrecht testified that he maintained his lane of travel at all times, Sergeant Cooper testified otherwise and his dash camera video supports his testimony. Under the facts and circumstances of this case, we cannot find that the trial court erred by finding that a reasonable articulable suspicion of a traffic violation occurred warranting a stop of Luebrecht's vehicle. Therefore, Luebrecht's assignment of error is overruled.

*Conclusion*

{¶25} For the foregoing reasons Luebrecht's assignment of error is overruled and the judgment of the Lima Municipal Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**