[Cite as *State v. Williams*, 2019-Ohio-5064.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAVID L. WILLIAMS. JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 HA 0005**

---

**Criminal** Appeal from the
County Court of Harrison County, Ohio
Case Nos. CRB-18-198, TRC-18-1544

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. T. Beetham*, Prosecutor and *Atty. Jack Felgenhauer,* Assistant Prosecutor, 111 West Warren Street, P.O. Box 248, Cadiz, Ohio 43907, for Plaintiff-Appellee, and

*Atty. James Ong*, Connolly, Hillyer & Ong, 201 N. Main Street, P.O. Box 272, Uhrichsville, Ohio 44683, for Defendant-Appellant.

Dated:
December 6, 2019

**DONOFRIO, J.**

{¶1}     Defendant-appellant, David Williams, Jr., appeals from a Harrison County Common Pleas Court judgment denying his motion to suppress evidence obtained subsequent to a traffic stop.

{¶2}     On July 18, 2018 at approximately 12:30 a.m., appellant's vehicle was stopped on the side of Route 22 in Green Township.  Deputy James Chaney approached appellant's vehicle.

{¶3}   The facts of this case are not clearly established.  But it can be gleaned from the record that the deputy ordered appellant out of the vehicle, suspected that appellant might have been operating his vehicle while impaired, and transported him to the station where he refused to submit to a urine test to determine if he was legally intoxicated.  Suspected marijuana was also found in appellant's vehicle.

{¶4}     Appellant was issued a citation for operating a vehicle while impaired (OVI) in violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(2) and possession of marijuana in violation of R.C. 2925.11.

{¶5}     Appellant filed a motion to suppress evidence regarding (1) chemical tests of his blood alcohol level[1], (2) observations and opinion of the law enforcement officers who arrested and/or tested appellant regarding his coordination and/or sobriety and/or alcohol level, and (3) any statements taken from or made by appellant.  Plaintiff-appellee, the State of Ohio, filed a response asserting that appellant's motion was not "properly supported by law or affidavit of facts resulting in a confusing list of contradicting allegations of constitutional violations."

{¶6}     The trial court held a hearing on appellant's motion.  At the hearing, the prosecutor stated that he was not going to call any witnesses.  (Tr. 2).  Defense counsel argued the state had the burden to prove that the evidence should be admitted.  He argued there was no reason to approach appellant in the first place, there was no indication of impairment, no field sobriety tests were conducted, and appellant was not

---

1 Even though appellant refused the urine test and there is no evidence of any other chemical test, this language was still included in his motion to suppress.

arrested at the scene. (Tr. 3). After counsel for both parties debated the issue, the trial court eventually asked if "the real issue" was whether there was probable cause to arrest appellant based on the deputy's observation of appellant. (Tr. 21). Defense counsel agreed that was the issue. (Tr. 21). He asserted there was no probable cause to arrest appellant because there was no indication that appellant was impaired. (Tr. 23). The prosecutor then stated that he would play the video from a body camera. (Tr. 23). But the prosecutor changed his mind and stated he would not play the video after all. (Tr. 26). The prosecutor then stated, "I don't think the State's going to present anything at all on this." (Tr. 26). The court took the matter under advisement.

{¶7} In its March 4, 2019 judgment entry, the trial court noted that neither party elected to present any evidence in support of or in opposition to the motion. It went on to find that appellant had the burden of going forward to establish that he had been subject to a warrantless arrest or seizure. The court noted that had appellant met that burden, the burden would have shifted to the state to establish that there was probable cause for the warrantless arrest or seizure. Based on the above, the trial court denied appellant's motion to suppress.

{¶8} Appellant subsequently changed his plea to no contest. The trial court found appellant guilty of OVI in violation of R.C. 4511.19(A)(2) and possession of marijuana. It found that OVI in violation of R.C. 4511.19(A)(1) merged with OVI in violation of R.C. 4511.19(A)(2). For the OVI, the court sentenced him to 180 days in jail, with 160 days suspended, a $1,000 fine, and a 24-month driver's license suspension. For the possession of marijuana the court fined appellant $150.

{¶9} Appellant filed a timely notice of appeal on May 28, 2019. The trial court granted appellant's motion to stay his sentence pending this appeal.

{¶10} Appellant now raises a single assignment of error that states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO SUPPRESS, BY HOLDING THAT APPELLANT FAILED TO MEET THE INITIAL BURDEN OF ESTABLISHING THAT A WARRANTLESS ARREST OR SEIZURE OF APPELLANT HAD IN FACT OCCURRED.

{¶11}   Appellant argues that he put the state on notice of his claim of a warrantless search and seizure when he filed his motion to suppress.   He claims his motion contained the necessary particularity to put the state on notice of his claim.   Moreover, appellant points out that on the day of the hearing on his motion, the trial court went over the motion with the parties so as to ensure that the state understood the basis for the motion.   Appellant contends that at this point, the burden was on the state to present evidence in opposition to his motion to suppress.   Because, he asserts, the state failed to demonstrate that probable cause existed for the warrantless stop and his detention, the trial court should have granted his motion to suppress.

{¶12}   Our standard of review with respect to a motion to suppress is first limited to determining whether the trial court's findings are supported by competent, credible evidence.   *State v. Winand*, 116 Ohio App.3d 286, 288, 688 N.E.2d 9 (7th Dist.1996), citing *Tallmadge v. McCoy*, 96 Ohio App.3d 604, 608, 645 N.E.2d 802 (9th Dist.1994). Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (4th Dist.1994).   An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness's credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard.   *State v. Rice,* 129 Ohio App.3d 91, 94, 717 N.E.2d 351 (7th Dist.1998).   A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence.   *Id.*

{¶13}   In the present case, neither party presented any evidence.   Thus, the trial court did not make any factual findings.   Therefore, we are limited to determining whether the trial court applied the appropriate legal standard.

{¶14}   Crim.R. 47 provides that a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought.   It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."

{¶15}   In order to suppress evidence or testimony concerning a warrantless search, a defendant must "raise the grounds upon which the validity of the search or

seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988), paragraph one of the syllabus. The defendant is required to set forth the basis for the challenge "only with sufficient particularity to put the prosecution on notice of the nature of the challenge." *State v. Purdy*, 6th Dist. Huron No. H-04-008, 2004-Ohio-7069, at ¶ 15, citing *State v. Shindler*, 70 Ohio St.3d 54, 57-58, 636 N.E.2d 319 (1994). After the defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to demonstrate proper compliance with the regulations involved. *Id.* citing *State v. Johnson*, 137 Ohio App.3d 847, 851, 739 N.E.2d 1249 (12th Dist. 2000).

{¶16}   In this case, appellant's motion to suppress was sufficient to put the prosecutor on notice of the nature of his challenge. In his motion, appellant alleged: (1) there was no lawful cause to detain him and there was no probable cause to arrest him; (2) the deputy lacked probable cause to approach appellant's stopped vehicle because the vehicle had two working headlights; (3) the deputy failed to conduct any field sobriety tests; (4) the deputy obtained a statement from him in violation of his right against self-incrimination and his right to counsel; (5) the deputy lacked sufficient basis to determine that appellant operated his vehicle while impaired; and (6) the deputy lacked a sufficient basis to establish a chronology of events that appellant was under the influence while operating his vehicle.

{¶17}   In addition to the above given grounds for his motion, appellant further argued in his motion that the deputy did not have cause to stop and detain him. He argued that his vehicle was legally parked alongside the road when the deputy approached him. Moreover, appellant argued that even if the stop and prolonged detention in this case were proper, the deputy lacked probable cause to arrest him. He pointed out that the deputy did not conduct any field sobriety testing whatsoever. And appellant argued that the deputy had very little contact with him before detaining and arresting him.

{¶18}   Appellant stated these allegations with sufficient particularity to put the state on notice that he was asserting that the deputy had no probable cause to detain or arrest him because: (1) he was legally parked on the side of the road when the deputy approached him; (2) the deputy did not conduct any field sobriety tests; and (3) the deputy

had very little contact with him before he arrested him. These alleged facts shifted the burden to the state to put forth evidence of probable cause to arrest for OVI. Moreover, at the hearing, the trial court specifically asked if the "real issue" was whether there was probable cause to arrest appellant based on the deputy's observation of appellant. Appellant stated that was the real issue. Thus, there was no mistaking the basis for appellant's motion to suppress.

{¶19} In other cases where this court has found the motion to suppress not specific enough to shift the burden to the state, there has been no factual basis whatsoever. For instance, we found a motion to suppress field sobriety test results not specific enough where the motion merely asserted the tests were not performed in substantial compliance with the National Highway Traffic Safety Administration (NHTSA) standards. *State v. Phillips*, 7th Dist. Monroe No. 08-MO-6, 2010-Ohio-1547, ¶ 17. Likewise, we found that a motion that simply quotes boilerplate language spelling out each of the NHTSA's standards and stating that the arresting officer did not comply with them is not fact-specific enough to shift the burden to the state. *State v. Kale*, 7th Dist. Columbiana No. 08-CO-47, 2009-Ohio-6530, ¶ 17. In both cases, this court emphasized the need for the defendant to cite to facts specific to his case.

{¶20} But in the case at bar, appellant did cite to multiple facts specific to his case. He pointed out that the deputy failed to conduct any field sobriety tests at all. He pointed out that he was legally stopped on the roadside when the deputy approached him. And he pointed out that the deputy had very little contact with him before he arrested him. These allegations were sufficient to shift the burden of proof to the state. Because the state elected not to present any evidence at the suppression hearing, the trial court erred in denying appellant's motion to suppress.

{¶21} Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶22}** For the reasons stated above, the trial court's judgment overruling the motion to suppress is hereby reversed. Appellant's motion to suppress is sustained. The matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Robb, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, overruling the motion to suppress is reversed. Appellant's motion to suppress is sustained. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**